P SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-3945 PA (FMOx) | Date | October 4, 2005 |
| --- | --- | --- | --- |

| Title | Jamdat Mobile Inc. v. Jamster Int'l Sarl Ltd., _et al._ |
| --- | --- |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | Not Reported | N/A |
| --- | --- | --- |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff:                 Attorneys Present for Defendants:

None                                             None

**DOCKETED ON CM**

**OCT 1 1 2005**

BY ___ 001

**Proceedings:**       **IN CHAMBERS - COURT ORDER**

The Court is in receipt of defendants' _Ex Parte_ Application to Strike the Untimely Export Report and Exclude Opinion Testimony of James T. Berger ("Defendants' Application"). In this action, plaintiff alleges that consumer confusion of plaintiff's "JAMDAT" mark with the "JAMSTER!" mark used by defendants has resulted in trademark infringement and unfair competition.

An _ex parte_ application is solely for extraordinary relief. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488 (C.D. Cal. 1995). To be granted, it must show that the applicant will be "irreparably prejudiced if the underlying motion is heard according to regular noticed procedures" and that the applicant "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492. "A sliding scale is used to measure the threat of prejudice. If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits." Id.

Defendants' Application seeks to strike a report by plaintiff's expert James T. Berger and to have his testimony excluded at trial because plaintiff submitted the report after the Court's deadline for designating experts and providing expert reports. The application is essentially a motion _in limine_ and the court has scheduled a hearing for such motions on October 24, 2005. Defendants argue, however, that a regular, noticed motion _in limine_ is inadequate because they need "sufficient time to respond to Plaintiff's belated expert witness designation." This argument is questionably sufficient under the irreparable injury standard. Defendants' own application admits that plaintiff will not oppose a request to depose Mr. Berger. Thus, it seems that the greatest hardship defendants face if the Court waits to rule on a properly noticed motion _in limine_ is that they will have to depose Mr. Berger and prepare to rebut his testimony.

While this would ordinarily fall short of the showing defendants must make to warrant _ex parte_ relief, the application has a very high likelihood of success on the merits for the reasons discussed below and will be considered. See also Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1060-62 (9th Cir. 2005) (excluding a late-identified expert on facts almost identical to those at bar). Plaintiff designated a new expert well past the deadline for doing so, and the opposition to Defendants' Application makes no

CV-90 (06/04)                        CIVIL MINUTES - GENERAL                        Page 1 of 3

**P SEND**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 05-3945 PA (FMOx) | Date | October 4, 2005 |

| | |
|---|---|
| Title | Jamdat Mobile Inc. v. Jamster Int'l Sarl Ltd., *et al.* |

argument justifying the late designation.

A party is required to disclose the identity of each expert it intends to use at trial and provide a report for each expert by the dates set in the court's scheduling order. Fed. R. Civ. P. 26(a)(2). Failure to do so authorizes the court to exclude the expert. Fed. R. Civ. P. 37(c)(1). This is a "self-executing" and "automatic" sanction. Fed. R. Civ. P. 37 advisory committee notes (1993 amendments). It is imposed unless (1) there is a substantial justification for the failure, or (2) the failure is harmless.[1] Fed. R. Civ. P. 37(c)(1). District courts have "particularly wide latitude . . . to issue sanctions under Rule 37(c)(1)." Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

Plaintiff's late identification of an expert is not substantially justified. Plaintiff's opposition to Defendants' Application makes no argument that it is, other than the bare conclusion that "both exceptions [to Rule 37(c)(1)] could be met." Mr. Berger is a consumer survey expert for plaintiff, so the deadline for his designation was July 6, 2005. Plaintiff did not disclose Mr. Berger to defendants until September 9 and did not provide his report until September 16. Plaintiff offers no justification for the nine-week delay in designating Mr. Berger. In contrast, plaintiff was able to identify, designate, and provide a report for its other survey expert, Dr. Henry Ostberg, well before the July 6 deadline.[2]

Additionally, plaintiff has not shown that the late designation is harmless. See Yeti, 259 F.3d at 1107 (the party facing sanctions has the burden of proving that the failure was harmless). Plaintiff's only argument is that defendants still have time to depose Mr. Berger. In Yeti, however, the Ninth Circuit rejected that very argument. There, the court held that the need to depose an expert identified one month before trial may warrant exclusion. See id. at 1107. Like Yeti, the late designation of an

---

[1]    Citing Wendt v. Host International, Inc., 125 F.3d 806, 814 (9th Cir. 1997), plaintiff argues that the Court should apply a five-factor test used to determine whether exclusion is a proper sanction under Rule 37. This is not the governing standard because it applies to the imposition of sanctions under Rule 37(b), not 37(c). See, e.g., Wanderer v. Johnston, 910 F.2d 652, 653, 656 (9th Cir. 1990) (analyzing default judgment sanction imposed under Rule 37(b)(2)(C) for flagrant discovery violations). Moreover, the Ninth Circuit recently applied the guidelines above to affirm exclusion of an expert identified after the expert identification deadline and discovery cut-off date. See Wong, 410 F.3d at 1062.

[2]    Plaintiff attempts to avoid this conclusion by calling Mr. Berger a "rebuttal expert to Defendants' three survey experts." This overlooks the fact that defendants' experts are themselves rebuttal experts to Dr. Ostberg. Properly characterized, then, Mr. Berger is not a rebuttal witness because his testimony would bolster Dr. Ostberg's consumer survey and conclusions. Even if Mr. Berger was a proper rebuttal expert, however, the Court's conclusion would be the same. Plaintiff has known about defendants' experts since at least July 26, 2005, and can offer no reason why it took over six weeks to realize that a rebuttal expert was needed. See Wong, 410 F.3d at 1061-62 (plaintiff's need for rebuttal expert could have been reasonably anticipated once defendant disclosed its expert).

P SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | CV 05-3945 PA (FMOx) | | Date | October 4, 2005 |

| | |
|---|---|
| Title | Jamdat Mobile Inc. v. Jamster Int'l Sarl Ltd., *et al.* |

expert on the eve of a rapidly approaching trial date creates exigent circumstances. In fast-paced litigation, even more so than normally, efforts to advance the case "will be successful only if the [Court's] deadlines are taken seriously by the parties." See Wong, 410 F.3d at 1060. Finally, exclusion is warranted here because plaintiff's late designation threatens "the rest of the schedule laid out by the court. Disruption to the schedule of the court and other parties in that manner is not harmless." Id. at 1062.

For the foregoing reasons, Defendants' Application is granted.

IT IS SO ORDERED.

Initials of Preparer

cc: